# Leonard Hodges

## v.

# Elizabeth Bearse.

*Personal Injuries—Elevator—Evidence—Question for Jury.*

Upon appeal from a judgment awarding damages for personal injuries this court declines to interfere, there being evidence in the record tending to show that the elevator in question was not properly constructed, and that the defendant, by the exercise of ordinary care, might have known that fact.

[Opinion filed February 13, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Stiles & Lewis and Shuman & Defrees, for appellant.

Messrs. Brandt & Hoffman and Joseph N. Barker, for appellee.

Moran, J.  This is an appeal from a judgment recovered by appellee against appellant for injuries received by the falling of an elevator in appellant's building, which it is alleged was, through the negligence of appellant, improperly constructed, and in a dangerous and improper condition.

Counsel for appellant has entered upon an elaborate discussion of the facts, and strenuously urges upon the court that the evidence does not justify the inference of negligence, as against the defendant, which is necessary to support the verdict.

We have examined the evidence, and in our opinion there is proof in the record which tended to show that the elevator in question was not properly constructed, and that appellant could, by the exercise of ordinary care, have known that fact.

There is but little conflict in the evidence which described the method in which the elevator was constructed, and there is evidence of witnesses of experience in the construction and operation of such passenger elevators which certainly tends to support the theory of negligent and improper construction of the elevator in question.

Such evidence being in the case, it was the province of the jury to determine upon its sufficiency. By the conclusion reached by them, this court is concluded under the circumstances in the case, unless some error of law intervened.

We have carefully considered all the legal questions raised by counsel, and we are convinced that there is no error in the record which authorizes the interference of this court with the judgment. It will therefore be affirmed.

*Judgment affirmed.*